DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 1:06 CR 0150 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| Damian Bradford, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

This case is scheduled for trial to begin on July 24, 2006 with the impanelment of the jury. The defendant is charged with interstate stalking and subsequent killing of the victim, who was in a stopped vehicle along the Ohio Turnpike in Cuyahoga County.

The Court conducted a status conference in this case on June 13, 2006 and during the status conference inquired about anticipated length of the trial; the government informed the Court that it believed its case would last approximately two weeks. Motions filed by the defendant indicate the possibility that the widow of Dr. Moonda was in cell phone contact with the defendant on the day of the homicide. That revelation led to the Court's questioning of counsel as to whether Dr. Moonda's widow, who was allegedly in the vehicle occupied by Dr. Moonda, would be called as a witness by the government. The Court was advised that she would be called as a witness, but that there was the concern that she would invoke her Fifth Amendment right not to be required to incriminate herself.

The Court has now received a communication from a lawyer who represents that the widow is his client and he is requesting a pre-trial conference to address two legal issues. First,

(1:06 CR 0150)

whether the widow is entitled to assert her Fifth Amendment privilege and, second, whether she can be compelled to get on the witness stand to assert the privilege.

The Court will not conduct the requested conference.

It is well established that a witness has the privilege under the Fifth Amendment to decline to respond to a question if the answer would tend to incriminate the witness, that is, would tend to indicate that the witness was guilty of a crime or would furnish a link in the chain of evidence needed to prosecute the witness for a crime. The privilege protects an individual's right to refuse to give information that is compelled, testimonial in character, and incriminating. *United States v. Hubbell*, 530 U.S. 27 (2000); *United States v. Doe,* 465 U.S. 605 (1984); *Ciccone v. Secretary of Dept. of Health & Human Services,* 861 F.2d 14 (2nd Cir. 1988).

It is also well established that neither defense counsel nor government counsel may claim the privilege for a witness. The privilege is a personal one and must be invoked by the witness. *United States v. Nobles*, 422 U.S. 225 (1975); *United States v. Mayes,* 512 F.2d 637 (6th Cir. 1975); *United States v. Lightly*, 677 F2d. 1027 (4th Cir. 1982).

If, in fact, the widow, Mrs. Moonda, was in or close by the vehicle at the time of the alleged stalking and killing of her husband, she is obligated to testify in response to questions by either government counsel or defense counsel unless the answer to the specific question would tend to incriminate her and she, not her chosen counsel, must assert the privilege.

There has been a suggestion that the Court should conduct a pre-trial conference with respect to the issues raised by counsel for Mrs. Moonda. The Court sees no purpose for such a conference.

2

(1:06 CR 0150)

In the Court's view, the answer to both issues proprounded by Mrs. Moonda's lawyer is in the affirmative.

If counsel for either the government or the defendant wish, or if Mrs. Moonda wishes, to challenge or support in writing the Court's present view as to the answer to the two issues submitted by Mrs. Moonda's lawyer, the briefs should be submitted to the Court by Tuesday, July 18, 2006.

IT IS SO ORDERED.

| | |
|---|---|
| July 13, 2006 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |